ATTORNEY FOR APPELLANT
Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Wade James Hornbacher
Ian Mclean
Deputies Attorney General
Indianapolis, Indiana



# In the
# Indiana Supreme Court

No. 57S04-1006-CR-317

DANNIE RAY RUNYON,                                        *Appellant* (*Defendant below*),

v.

STATE OF INDIANA,                                        *Appellee* (*Plaintiff below*).

Appeal from the Noble Circuit Court, No. 57C01-0510-FC-71
The Honorable G. David Laur, Judge

On Transfer from the Indiana Court of Appeals, No. 57A04-0910-CR-575

**December 8, 2010**

**Dickson, Justice.**

This appeal challenges the trial court's revocation of probation for failure to pay child support. The Court of Appeals affirmed. Runyon v. State, 923 N.E.2d 440 (Ind. Ct. App. 2010). We granted transfer to clarify the applicable burden of proof. On the facts of this case, we affirm the trial court's decision to revoke probation and reinstate a significant portion of the original sentence.

Convicted of Nonsupport of a Dependent Child, a class C felony, and owing more than

$15,000 in child support arrearages, the defendant was sentenced to eight years imprisonment, but the sentence was suspended to probation. Among the terms of probation, the defendant was required to pay a monthly probation user fee, $160 in court costs, $100 for his public defender, weekly payments as determined by his probation officer on his $19,063.50 child support arrearage, and the ongoing court ordered child support.

One year later, the defendant's probation officer filed a report alleging a probation violation for failure to pay various costs including child support in accordance with the terms of probation. The record reflects that a hearing was conducted to implement an agreed disposition. This hearing began with the following statement by the defendant's attorney:

> Your Honor, after discussions with the State and Mr. Runyon, Your Honor, he's going to enter an admission to date. [H]e believes he has employment. So what we're going to do is set this matter over, we'll try to get it back as quickly as possible, a couple weeks Your Honor. And if he can come in and provide proof that he has a job the State is going to be willing to allow him to be reinstated in probation. In the event that he isn't, Your Honor, then, we'll go forward with disposition.

Tr. at 39. After the defense counsel informed the trial court that the defendant was "ready to go if you want to take the admission right now," the court asked the defendant, "And it is your intent to admit you violated your probation?" *Id*. at 39–40. The defendant replied "Yes." *Id*. at 40. After advising the defendant of the consequences of admitting a probation violation, the court asked the defendant, "So the admission [is] of your own free and voluntary act and . . . you do wish to admit you violated your probation?" *Id*. at 41. The defendant replied "Yes sir." *Id*. The trial court then continued the disposition hearing for two weeks to enable the defendant to provide proof of employment, but the defendant failed to provide such proof. During this disposition hearing, when asked by the court whether he had made "all the payments you were supposed to make during that time," the defendant answered, "No I didn't have any money. Like I say, I signed up for my unemployment and the State took it." *Id*. at 52. At the conclusion of the disposition hearing, the court announced its decision to revoke probation and ordered the defendant to serve six years of the original eight-year sentence, but stated "if some substantial payment is, is made, some job is, obtained, . . . I guess we can look at this again under some motion to modify." Tr. at 59.

The defendant expressly "concedes he violated the terms of his probation by failing to

meet his child support obligations" and further "concedes he violated the terms of his probation by failing to pay $160 in court costs . . . and $560 in probation user fees" when due. Appellant's Br. at 7. He argues, however, that "the record establishes his failure to pay his child support, court costs, and probation user fees was not reckless, knowing or intentional." *Id.* at 8.

A person's probation may be revoked if "the person has violated a condition of probation during the probationary period." Ind. Code § 35-38-2-3(a)(1). To obtain a revocation of probation, "[t]he state must prove the violation by a preponderance of the evidence." Ind. Code § 35-38-2-3(e). It is further provided that "[p]robation may not be revoked for failure to comply with conditions of a sentence that imposes financial obligations on the person unless the person recklessly, knowingly, or intentionally fails to pay." Ind. Code § 35-38-2-3(f).

As provided by Indiana's statutory scheme, probation may be revoked for violation of a probation condition but, for violations of financial conditions, only if the probationer recklessly, knowingly, or intentionally fails to pay. As to the fact of violation, the statute expressly imposes the burden of proof upon the State. But with respect to the ability to pay, the burden of proof is not explicitly designated. Where the claimed violation is that the probationer failed to comply with financial conditions of probation, the trial court must be convinced both that the condition was violated and that the failure to pay was reckless, knowing, or intentional. Because proof of both of these components is required before a trial court may revoke probation, we hold that it is the State's burden to prove both the violation and the requisite state of mind in order to obtain a probation revocation. We further observe that, because the phrase "recklessly, knowingly, or intentionally" appears in the disjunctive and thus prescribes alternative considerations, the state of mind requirement may be satisfied by adequate evidence that a defendant's failure to pay a probation imposed financial obligation was either reckless, knowing, or intentional.

For a trial court to revoke probation and reinstate part or all of a defendant's remaining sentence, however, more may be required beyond satisfaction of the statutory components of (a) a probation condition violation and (b) reckless, knowing, or intentional state of mind. In Bearden v. Georgia, 461 U.S. 660, 103 S. Ct. 2064, 76 L. Ed. 2d 221 (1983), the United States Supreme Court held:

> [I]n revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternative measures of punishment other than imprisonment. Only if alternative measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay.

*Id.* at 672, 103 S. Ct. at 2073, 76 L. Ed. 2d at 233. The Court in <u>Bearden</u> did not specify which party has the burden of proving facts related to a probationer's ability to pay. We do not believe this issue was resolved by the Court's use of the phrase, "a sentencing court must inquire into the reasons for the failure to pay." *Id.* Because the facts in <u>Bearden</u> reveal that the probationer had no income or assets during the relevant period and had notified the probation office that he could not find a job following being laid off, the quoted phrase appears to direct courts to "consider" this issue rather than directing them to *sua sponte* initiate such inquiry.

In its consideration of the defendant's appeal, the Court of Appeals treated inability to pay as an affirmative defense and imposed the burden of proving it upon the defendant. <u>Runyon</u>, 923 N.E.2d at 446. This creates an inconsistency with <u>Szpunar v. State</u>, 914 N.E.2d 773, 779 (Ind. Ct. App. 2009), which held that the State has the burden of proving a probationer's ability to pay.

In <u>Woods v. State</u>, 892 N.E.2d 637 (Ind. 2008), this Court recognized that a probationer who admits the allegations of probation violation must still be given an opportunity to explain or to offer mitigating evidence to show that the violation does not warrant revocation. *Id.* at 640. The defendant in <u>Woods</u> appealed on grounds that the trial court refused "to allow him the opportunity to explain why he violated the terms of his probation." *Id.* We held that principles of due process require that a probationer "be given the opportunity to explain" and that the trial court erred by excluding such evidence. *Id*. at 641. But we affirmed the revocation of probation and imposition of twelve years of imprisonment because the defendant made no offer of proof to inform the trial court why he was "deserving of further consideration." *Id.* In effect, therefore, <u>Woods</u> imposed upon the defendant the burden of showing his inability and sufficient bona fide efforts to pay.

4

While the State has the burden to prove (a) that a probationer violated a term of probation and (b) that, if the term involved a payment requirement, the failure to pay was reckless, knowing, or intentional, we hold that it is the defendant probationer's burden, consistent with the result in Woods, to show facts related to an inability to pay and indicating sufficient bona fide efforts to pay so as to persuade the trial court that further imprisonment should not be ordered.

In the present case, the probation revocation hearing proceeded in two segments. At the first segment, the defendant's attorney informed the trial court of an agreement in which the defendant agreed to admit the alleged probation violation and would be afforded two weeks to provide verification of an alleged offer of employment after which he would be reinstated to probation. The defendant expressly admitted to the trial court that he had violated his probation conditions and that he failed to make the required payments. This was sufficient to establish by a preponderance of the evidence that the defendant violated conditions of his probation and that his failure to pay was knowing, if not also intentional. The trial court granted the requested two-week continuance. At the second segment of the probation revocation hearing, the defendant asserted that he had a job offer but was unable to provide written verification of the offer. The trial court then inquired about the nature of the work and anticipated earnings and questioned the defendant as to his other resources and payments made as previously ordered by the court. The defendant's attorney argued to the court that the defendant had paid approximately half of his obligation the prior year, had been unemployed "essentially in the past six months or so," and that the defendant was not refusing to pay but was simply unable to find a job in the difficult market. Tr. at 49. The defendant's counsel asked the court to "not completely revok[e] the entire probation," to impose only a relatively short period of incarceration, and to give him an opportunity to seek work and "get child support paid." *Id.* at 50. The trial court questioned the defendant about his failure to make the required payments during the four to five months he was employed before being laid off and asked the defendant about various other resource possibilities. At the conclusion of the hearing, the court stated:

> I am going to revoke your probation at this point. And I am going to . . . give you some credit for having come in and admitted. And I'm going to order you to serve six years of that sentence. . . . [S]how the arrearage at $25,283.41. [I]f some substantial payment is, is made, some job is obtained, [defense counsel] will let us know, and I guess we can look at this again under some motion to modify. But for today I don't have any of those things, so you go to the Department of Corrections. Good luck.

5

*Id*. at 58–59.

The trial court afforded the defendant an opportunity to present facts and explanation regarding his alleged resources, employment circumstances, inability to pay, and efforts to make the required payments. The defendant was not deprived of an opportunity to explain or present mitigating evidence. He was not prevented from presenting argument seeking a lenient judicial response to the admitted violations of his conditions of probation.

The defendant further argues on appeal that the trial court was unduly harsh under the circumstances in ordering the defendant to serve six years of his eight-year sentence for his probation violation. He urges that a shorter period of incarceration would have been more appropriate in light of the defendant's financial circumstances and would permit him to be gainfully employed so as to reduce the support arrearage.

"Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007). "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Id.* A trial court's probation decision is subject to appellate review for abuse of discretion "where the decision is clearly against the logic and effect of the facts and circumstances." *Id.*

We decline to find the trial court's decision to require the defendant to serve six years of the eight-year sentence to be an abuse of discretion. We also note the judge's compassionate invitation for the defendant to seek a future modification after making substantial payment on the obligations or possibly upon obtaining the promise of employment.

The judgment of the trial court is affirmed.

Shepard, C.J., and Rucker, and David, JJ., concur. Sullivan, J., dissents with separate opinion.

**Sullivan, Justice, dissenting.**

I agree with the Court's discussion of the allocation of the burden of proof in such proceedings, but I respectfully dissent both from its conclusion that the State met its burden and from its conclusion that Runyon did not.

First, I do not agree that the State met its burden of proving that Runyon's failure to pay was "reckless, knowing, or intentional" simply because he admitted that he had violated his probation conditions and failed to make the required payments.

Second, I believe Runyon sufficiently established his inability to pay. He explained that his failure was a result of job loss in the recreational vehicle industry, inability to obtain new employment in the difficult economic environment, and extremely low wages when he had been working. Despite his low-paying employment and periodic layoffs, he had managed to pay more than half of his child support obligation in 2008. The record establishes that he had no ability to pay his child support obligations in 2009, as he had been unemployed and receiving minimal unemployment benefits.

While I agree that Runyon was out of compliance with the terms of his probation, I do not believe that it was lawful to order incarceration on these facts.