**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**WILLIAM S. FRANKEL, IV**
Wilkinson, Goeller, Modesitt,
  Wilkinson & Drummy, LLP
Terre Haute, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL L. CRISS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 84A05-1111-CR-632 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable David R. Bolk, Judge
Cause No. 84D03-0811-FC-3590

**June 11, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Michael L. Criss ("Criss") appeals an order revoking his community corrections placement and committing him to the Indiana Department of Correction ("the DOC") to serve three years of his sentence for Battery, as a Class C felony. He presents the sole issue of whether the revocation was improperly predicated upon his failure to pay intake fees, despite his financial inability to do so. We affirm.

**Facts and Procedural History**

On March 29, 2010, Criss pled guilty to Battery; he was sentenced to four years imprisonment, with two years suspended and two years to be served in the Vigo County Community Corrections Program ("the Work Release Program"). Criss was ordered to begin his sentence in work release within thirty days. After sentencing, Criss contacted the Work Release Program and was given a reporting time of 9:00 a.m. on June 2, 2010.

Criss did not report as scheduled on June 2, 2010. On June 4, 2010, a letter from Criss, dated June 3, 2010, was filed in the Vigo County Superior Court. In the letter, Criss asked for an extension of time to report to work release, due to a job loss and inability to pay work release intake fees.

On June 8, 2010, the State filed a petition to revoke Criss's probation and placement in the Work Release Program. The trial court set the matter for hearing on June 21, 2010. Mail to Criss was returned due to an incorrect address, and he did not appear on the hearing date. A warrant was issued for his arrest. On September 7, 2011, Criss appeared in police custody and the petition to revoke probation was again set for hearing.

2

On October 6, 2011, the trial court heard evidence, found that Criss had violated the terms of his probation, revoked his Work Release Program placement, and ordered three years of his sentence to be served in the Indiana Department of Correction. This appeal ensued.

## Discussion and Decision

Criss concedes that he did not timely report to the Work Release Program. However, he maintains that his failure to do so is attributable to an inability to pay intake fees, and that the trial court should not revoke probation when he is unable to comply with its terms.

A reviewing court treats a petition to revoke a placement in a community corrections program the same as a petition to revoke probation. Cox v. State, 706 N.E.2d 547, 549 (Ind. 1999). Community corrections is "a program consisting of residential and work release, electronic monitoring, day treatment, or day reporting[.]" Ind. Code § 35-38-2.6-2. A defendant is not entitled to serve a sentence in either probation or a community corrections program. Monroe v. State, 899 N.E.2d 688, 691 (Ind. Ct. App. 2009). Rather, such placement is a "matter of grace" and a "conditional liberty that is a favor, not a right." Million v. State, 646 N.E.2d 998, 1002 (Ind. Ct. App. 1995).

Probation may be revoked for violation of a probation condition but, for violations of financial conditions, only if the probationer recklessly, knowingly, or intentionally fails to pay. Runyon v. State, 939 N.E.2d 613, 616 (Ind. 2010). The State must prove the violation by a preponderance of the evidence. Id. If a defendant violates the terms of his placement in community corrections, the court may, after a hearing:

3

(1)     Change the terms of the placement.

(2)     Continue the placement.

(3)     Revoke the placement and commit the person to the department of correction for the remainder of the person's sentence.

Ind. Code § 35-38-2.6-5.

The State presented evidence that Criss did not report, as directed, to the Work Release Program within thirty days of sentencing. He provided no reason to the court within the thirty-day period. After failing to report, he filed a pro-se letter with the court; however, it included no address. Mail from the court was returned for lack of a proper address, and Criss had no further contact with the court until he was taken into custody in 2011. The State established that Criss violated a term of his placement – he did not timely appear. Pursuant to Indiana Code Section 35-38-2.6-5(3), the trial court had the option of revoking Criss's placement and committing him to the DOC to serve a portion of his sentence.

Criss may in fact be indigent. However, his placement was not revoked for failure to satisfy financial obligations. He cites no authority for the proposition that a trial court is obligated to continue an indigent individual's placement even though he fails to timely report to his placement facility or provide a valid address. Criss has demonstrated no error of law or abuse of discretion on the part of the trial court.

Affirmed.

ROBB, C.J., and MATHIAS, J., concur.

4