**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**KRISTINA J. JACOBUCCI**
Newby, Lewis, Kaminski & Jones, LLP
LaPorte, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JANE M. BURKART, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 46A03-1211-CR-465 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAPORTE SUPERIOR COURT NO. 4
The Honorable William J. Boklund, Judge
Cause No. 46D04-0703-CM-679

**April 18, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Jane Burkart appeals the trial court's revocation of her probation for her failure to pay restitution. Burkart contends that her failure to pay was not reckless, knowing, or intentional because it was based on the advice of her attorney to wait to make any payments until her direct appeal was decided, or alternatively, because she did not have the funds to make the payments.

We conclude that the trial court properly determined that Burkart had the means to make the payments as ordered, notwithstanding her contention that her expenses exceeded her income. We also conclude that even if Burkart's initial failure to pay was based on her attorney's advice, her subsequent failure to make her restitution obligation current over the eighteen months following the affirmation of her convictions on appeal and our Supreme Court's denial of transfer supported the trial court's finding that Burkart recklessly, knowingly, or intentionally failed to make her restitution payments. Accordingly, we affirm the judgment of the trial court.

FACTS

After a jury trial, Burkart was found guilty of five counts of neglect of an animal,[1] a class B misdemeanor. On July 22, 2009, she was sentenced to 180 days on each count, to be served consecutively, for a total of 900 days of incarceration. The trial court suspended the entire sentence and ordered Burkart to serve one year of probation on each of the five counts. One of the conditions of Burkart's probation was that she pay restitution in the amount of $11,932.32 in monthly installments of $198.88 to the animal

---

[1] Ind. Code § 35-46-3-7.

shelter that had initially boarded and cared for Burkart's neglected horses. Also, any funds remaining from Burkart's bond were to be applied to her restitution. However, the trial court ordered that the application of any amounts from Burkart's bond to her restitution should be held until Burkart had exhausted her right to a direct appeal.

Although Burkart proceeded to trial pro se, the trial court subsequently appointed appellate counsel for her. When Burkart asked her appellate counsel when she should start paying restitution, he told her that she did not have to start paying restitution until her appeal was complete. Burkart also asked her probation officer when she should start paying restitution, and the probation officer allegedly told Burkart to follow her appellate counsel's advice.

This Court affirmed Burkart's convictions and sentence on appeal. Burkart v. State, No. 46A03-0908-CR-385, slip op. at 3 (Ind. Ct. App. Nov. 16, 2010). Burkart thereafter sought transfer, which the Indiana Supreme Court denied on January 28, 2011. Burkart v. State, 950 N.E.2d 1196, 1196 (Ind. 2011) (denying transfer).

Two days before our Supreme Court denied transfer, the LaPorte County Probation Department filed a petition to revoke Burkart's probation because she had not made any restitution payments. The trial court held a revocation hearing that commenced on October 5, 2012. The State presented evidence that despite being on probation for forty-one months, Burkart had paid only $2100 in restitution, with her first payment having been made on May 20, 2011, and her last payment made on January 17, 2012. Burkart presented spreadsheets purporting to summarize her income and expenses for the

3

years 2010, 2011, and 2012. For the years of 2010 and 2012, the spreadsheets showed that Burkart's expenses exceeded her income. The 2011 spreadsheet showed that Burkart's income exceeded her expenses by approximately $1700.

At the conclusion of the evidence, the trial court stated:

> I think I'm looking at balance sheets that have . . . certain areas padded perhaps, maybe not, but there may reflect some extravagance too. When a person is under a restitution order they have a duty to make that order if they have the ability to do that, and that might mean a little adjustment in lifestyle. . . . I believe that you did have the ability to pay and chose not to and I'm finding that you did violate your probation in not making restitution. I am going to revoke your probation at this time. I am not going to order you committed today because . . . if you want to take the opportunity to take an appeal I'm going to allow you that.

Tr. p. 40-41. Burkhart was ordered to serve the previously suspended 900 days of her sentence in the Indiana Department of Correction. The trial court then appointed appellate counsel for Burkart. However, in making the appointment, the trial court stated:

> I'm not necessarily convinced you are indigent, but if the argument is that you cannot make . . . the payment as ordered it makes no sense for me to then say you can then not give you a chance [to] challenge that. So I'm stretching it a bit to make this appointment.

Id. at 42. Burkart now appeals.

## DISCUSSION AND DECISION

On appeal, Burkart contends that the trial court erred in finding that she intentionally, knowingly, or recklessly violated the condition of her probation that required her to make restitution. She claims that "[h]er failure to satisfy the restitution

4

obligation was, instead, based on instructions she received from the probation department and her attorney about paying her restitution and her inability to pay the amount owed." Appellant's Br. p. 5.

The decision to revoke probation is within the sole discretion of the trial court, and we review that decision only for an abuse of discretion. Smith v. State, 963 N.E.2d 1110, 1112 (Ind. 2012). We do not reweigh the evidence or assess the credibility of witnesses, and we consider only the evidence most favorable to the trial court's decision. Id. We will affirm a trial court's decision to revoke probation if there is substantial evidence of probative value indicating that a defendant violated any terms of probation. Id. Probation violations must be proved by a preponderance of the evidence. Ind. Code § 35-38-2-3(f).

Indiana Code section 35-38-2-3(g) provides that "[p]robation may not be revoked for failure to comply with conditions of a sentence that imposes financial obligations on the person unless the person recklessly, knowingly, or intentionally fails to pay." Thus, when attempting to revoke a defendant's probation based on the failure to pay restitution, the State must prove both that a violation occurred and that the defendant's violation was reckless, knowing, or intentional. Runyon v. State, 939 N.E.2d 613, 616 (Ind. 2010). However, "it is the defendant probationer's burden . . . to show facts related to an inability to pay and indicating sufficient bona fide efforts to pay so as to persuade the trial court that further imprisonment should not be ordered." Id. at 617.

Here, even assuming that Burkart's initial failure to pay restitution was based on her counsel's advice not to make any restitution payments until she had exhausted her direct appeal, such that her failure to pay during the pendency of the appeal was not reckless, knowing, or intentional, the direct appeal was complete as of January 28, 2011, when our Supreme Court denied transfer. Nonetheless, Burkart failed to make any payments for nearly four more months, and even then she did not pay the amount then due, which would have been approximately $4200. Tr. p. 15. Instead, Burkart made a payment of $200 on May 20, 2011, and she made only a few additional payments totaling $2100 over the next several months. Id. And on January 17, 2012, when the amount due under the restitution order would have been almost $5800, Burkart stopped making even these occasional payments. Id. Based on this evidence, the trial court was well within its discretion to conclude that Burkart's failure to comply with the restitution order was reckless, knowing, or intentional as of the October 5, 2012 revocation hearing.

Furthermore, we cannot say that the trial court erred by determining that Burkart had the means to pay the restitution order and that she had not made bona fide efforts to do so. Although Burkart presented spreadsheets at the evidentiary hearing purporting to show that her expenses exceeded her income for two of the last three years, it was the trial court's function to weigh that evidence. See Smith, 963 N.E.2d at 1114 (affirming the revocation of probation when, despite presenting evidence of periods of unemployment, the defendant probationer had failed to persuade the trial court of his inability to pay). Indeed, the trial court commented at the hearing regarding its concerns

6

that Burkart may have "padded" some of the numbers, or alternatively, that Burkart was living an extravagant lifestyle in light of her obligation to abide by the restitution order as a condition of her probation. Tr. p. 40-41.

Finally, we cannot agree that the trial court's appointment of appellate counsel in this matter shows that Burkart was indigent for the purpose of making the restitution payments. In determining whether Burkart was indigent for the purpose of effecting an appeal, the trial court necessarily had to take into consideration that Burkart was already required to make restitution payments. The trial court reasonably could have believed that Burkart did not have the financial means to do both. In fact, the trial court stated on the record that it was not convinced that Burkart was indigent even for the purpose of effecting an appeal, but it nevertheless appointed her appellate counsel "by stretching it a bit" to preserve her argument that she was indigent. Tr. p. 42. In sum, we conclude that the trial court did not err in revoking Burkart's probation.

The judgment of the trial court is affirmed.

MAY, J., and MATHIAS, J., concur.