**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 08 2013, 5:25 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MATTHEW D. ANGLEMEYER**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHELLE BUMGARNER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ZACHARIAH BROWNIE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1301-CR-3 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Robert R. Altice, Jr., Judge
Cause No. 49G02-1201-FC-825

**August 8, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

Appellant–Defendant, Zachariah Brownie (Brownie), appeals the decision of the trial court revoking his probation.

We affirm.

## ISSUES

Brownie raises four issues on appeal, which we consolidate and restate as follows:

(1) Whether the trial court erred in revoking Brownie's probation; and

(2) Whether the trial court erred in sentencing him.

## FACTS AND PROCEDURAL HISTORY

On January 6, 2012, the State charged Brownie with Count I, battery, a Class C felony, Ind. Code § 35-42-2-1; Count II, intimidation, a Class D felony, I.C.§ 35-45-2-1; and Count III, criminal confinement, a Class D felony, I.C.§ 35-42-3-3. On February 8, 2012, Brownie entered into a plea agreement, wherein he agreed to plead guilty to the criminal confinement charge in exchange for a dismissal of the battery and intimidation charges. The plea agreement provided that the trial court would impose a three-year sentence, all of which was to be suspended. Brownie was to attend a 52-week domestic violence counseling class. On April 4, 2012, the trial court held a sentencing hearing, accepted the plea agreement, and sentenced Brownie to three years suspended.

By July 2, 2012, Brownie had only attended one domestic violence counseling class. On August 20, 2012, the Marion County Probation Department held an administrative hearing regarding Brownie's probation violation. In his defense, Brownie

alleged that his lack of attendance was due to the fact that he was facing financial problems and that he could not afford to pay for the classes which cost $1,545.00. Brownie stated that he was unable to meet this obligation because he was only receiving monthly disability benefits of approximately $698. The Marion County Probation Department reduced Brownie's financial obligation by 90% and ordered him to return to his counseling classes by August 31, 2012. Despite this order, Brownie failed to attend any more classes.

Meanwhile, on October 29, 2012, the State filed an information under Cause Number 12-072958 charging Brownie with: Count I, strangulation, a Class D felony, Ind. Code § 35-42-2-9(b)(1)(2); Count II, criminal confinement, a Class D felony, I.C.§ 35-42-3-3(a)(1); Count III, criminal confinement, a Class D felony, I.C.§ 35-42-3-3(a)(2); Count IV, intimidation, a Class A misdemeanor, I.C.§ 35-45-2-1(a)(2); Count V, residential entry, a Class D felony, I.C.§ 35-43-2-1.5; Count VI, domestic battery, a Class D felony, I.C.§ 35-42-2-1.3(a)(1-3)(b)(2); Count VII, battery, a Class D felony, I.C.§ 35-42-2-1(a)(2)(M); Count VIII, domestic battery, a Class A misdemeanor, I.C.§ 35-42-2-1.3(a)(1)(1-3); and Count IX, battery, a Class A misdemeanor, I.C.§ 35-42-2-1(a)(1)(A).

On October 29, 2012, the State filed a Notice of Probation Violation alleging that Brownie violated his probation by failing to attend his domestic violence counseling classes and that he had been charged with nine counts in Cause Number 12-072958. On December 7, 2012, the trial court held a probation revocation hearing in which the trial

3

court admitted certified copies of the charging information and probable cause affidavit from Cause Number 12-072958 into evidence.

At the close of the hearing, the trial court held that Brownie had violated the terms of his probation by failing to attend his domestic violence classes.  In addition, the trial court held that:

> Based on State's Exhibit Two, the [c]ourt does find by a preponderance of the evidence that he had not only been arrested on a new crime but that he has committed that crime by the extensive three page probable cause affidavit.  I believe there is nothing this [c]ourt clearly to find by the preponderance of the evidence.  [B]ased on those two [with] the defendant's probation will be revoked and he will be sentenced to 1095 days in the Department of Corrections[sic] or three years with jail time credit of 66 days.

(Transcript p. 16).  Brownie now appeals.  Additional facts will be provided as necessary.

<u>DISCUSSION AND DECISION</u>

I.  *Revocation of Probation*

A.  *Standard of Review*

Brownie contends that the trial court abused its discretion when it revoked his probation.  The decision to revoke probation is within the sole discretion of the trial court.  *Reyes v. State*, 868 N.E.2d 438, 440 (Ind. 2007).  This decision is reviewed on appeal for an abuse of that discretion.  *Prewitt v. State,* 878 N.E.2d 184, 188 (Ind. 2007).  On review, we consider only the evidence most favorable to the judgment without reweighing that evidence or judging the credibility of the witnesses.  *Braxton v. State*, 651 N.E.2d 268, 270 (Ind.1995).  If there is substantial evidence of probative value to support the trial court's decision that a defendant has violated any terms of probation, the

4

reviewing court will affirm its decision to revoke probation. *Id*. Moreover, violation of a single condition of probation is sufficient to revoke probation. *Pitman v. State,* 749 N.E.2d 557,559 (Ind. Ct. App. 2001), *trans. denied.*

### B. Evidentiary Standard

Brownie's first contention is that the trial court improperly applied the lower probable cause standard rather than the higher preponderance of the evidence standard as set out in *Heaton v. State* 984 N.E.2d 614 (Ind. 2013). In *Heaton,* our supreme court held that the "correct legal standard is the statutorily-mandated preponderance of the evidence standard." I.C. § 35–38–2–3(e) (2008) also provides that the state must prove the violation by a preponderance of the evidence. Here, the trial court expressly concluded that Brownie committed the new offenses by a preponderance of the evidence. Specifically, the trial court stated:

> Based on State's Exhibit Two, the [c]ourt does find by a preponderance of the evidence that he had [sic] not only been arrested on a new crime but that he has committed that crime by the extensive three page probable cause affidavit.

(Tr. p.16). We therefore conclude that the trial court properly relied on the preponderance of the evidence standard when it revoked Brownie's probation.

### C. Hearsay

Brownie next contends that the trial court abused its discretion by admitting the probable cause affidavit in Cause Number 12-072958 into evidence at the probation revocation hearing. Specifically, Brownie argues that the probable cause affidavit constitutes inadmissible hearsay and its admittance did not afford him the right to cross-

5

examine the witnesses. Indiana Evidence Rule 101(c)(2) provides that the Indiana Rules of Evidence do not apply in probation proceedings. In *Pitman,* 749 N.E 2d at 559, this court held that "Courts of this State follow the general rule that, with regard to probation proceedings, they may consider any relevant evidence bearing some substantial indicia of reliability." There*,* the trial court revoked Pitman's probation based on evidence in the form of certified copies of the court docket, police report, and charging information. *Id.* On appeal, this court concluded the docket and charging information were properly admitted into evidence because certification of the documents by the court provides substantial indicia of their reliability. *Id.* Further, the docket and charging information were "items of public record which, pursuant to Evid.R. 803(8) would be admissible as exceptions to the hearsay rule at a proceeding where the rules of evidence are applicable." *Id.* at 560. Here, as in *Pittman*, the trial court did not abuse its discretion in admitting the probable cause affidavit and the charging Information into evidence.

### D. Probation Order

Brownie also argues that the trial court erred in revoking his probation because his signature on the probation order was not verified. Specifically, Brownie's lawyer objected as follows:

> There is lack of foundation that actually signed by Mr. Brownie at this point. So our objection would be that there is no foundation to be laid for that document.

(Tr. p. 7). The record shows that the State did not call any witness at trial to verify that Brownie himself signed the probation order. The court however admitted the probation order into evidence and in doing so, it stated that:

> It certainly has my signature and it appears to be Zachariah Brownie and she's [sic] testified that he was on probation and that this was the standard. So the court is going to admit State's Exhibit One over the objection of the defense.

(Tr. p. 7).

The court may consider any relevant evidence bearing some substantial indicia of reliability. *Pitman*, 749 N.E.2d 557,559. Here, the trial court signed the probation order and Ms. Lisa Bruggeman of Marion County Probation Department, testified at trial that Brownie was on probation. Also, when Brownie signed the plea agreement, one of the conditions placed on him was that he was to serve probation and we assume that he signed the probation order contemporaneously. The trial court did not abuse its discretion by finding the probation order to be substantially reliable and trustworthy, and therefore, admissible.

### E. Inability to Pay

Brownie also argues that the trial court erred in revoking his probation because he failed to pay for his domestic violence counseling class. Specifically, Brownie explains that he could not afford to pay for it. We note that:

> While the State has the burden to prove (a) that a probationer violated a term of probation and (b) that, if the term involved a payment requirement, the failure to pay was reckless, knowing, or intentional, ... it is the defendant probationer's burden ... to show facts related to an inability to pay and indicating sufficient bona fide efforts to pay so as to persuade the trial court that further imprisonment should not be ordered.

7

*Runyon v. State*, 939 N.E.2d 613, 617 (Ind.2010).

Here, the record shows that at the revocation hearing, the trial court found Brownie to be indigent and reduced Brownie's financial obligation by 90% from the overall cost of $1545.00 down to $154. The record further reveals that Brownie was ordered to start making small payments of his financial obligation. Brownie nevertheless refused to pay for the class. He has failed to show facts relating to his inability to pay and indicating sufficient bona fide efforts to pay up so as to persuade the trial court not to revoke his probation. In this regard, we find that the trial court did not err in revoking his probation.

## II. *Sentence*

Lastly, Brownie argues that the trial court abused its discretion by ordering him to serve the entire three years of his previously suspended sentence. Brownie argues that this case should be remanded to the trial court with instructions to impose a more appropriate sanction. Under I.C. §35–38–2–3(g), if a petition to revoke probation is filed within the defendant's probationary period and the trial court finds the defendant has violated any terms of probation, the trial court may (1) continue the defendant on probation, (2) extend the defendant's probationary period by up to one year, or (3) "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." Here the trial court chose to order execution of all of Brownie's sentence that it had suspended at the time of the initial sentencing. We find no abuse of the trial court's discretion.

8

CONCLUSION

For the foregoing reasons, we find that the trial court did not err in revoking Brownie's probation and ordering him to serve the entire previously suspended portion of his sentence. Therefore, we affirm the judgment of the trial court.

Affirmed.

BRADFORD, J. and BROWN, J. concur