**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 18 2014, 9:27 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DONALD E.C. LEICHT**
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ANTHONY D. DUNN, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No.  34A02-1402-CR-99 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable William C. Menges, Jr., Judge
Cause No. 34D01-0903-FB-307

**August 18, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Anthony D. Dunn ("Dunn") appeals an order revoking his community corrections placement and committing him to the Indiana Department of Correction ("the DOC") for the remainder of his sentence for Dealing in Cocaine.[1] We affirm the revocation and remand for correction of mathematical error in the calculation of credit time.

## Issues

Dunn presents two issues for review:

I. Whether the State proved his violation of a term of his community corrections placement by a preponderance of the evidence; and
II. Whether the trial court erred when imposing a sanction for the violation.

## Facts and Procedural History

On April 21, 2010, Dunn pled guilty to Dealing in Cocaine. He was sentenced to ten years imprisonment, with eight years suspended to probation.

Over time, the State filed several petitions to revoke Dunn's probation. On September 20, 2012, he was found to be in violation of the terms of his probation; he was ordered to serve 220 days of his previously-suspended sentence. On March 14, 2013, Dunn was again found to be in violation of the terms of his probation. He received credit for 144 days of incarceration and was ordered to serve 874 days of his previously-suspended sentence. He was permitted to do so on in-home detention.

---

[1] Ind. Code § 35-48-4-1.

On May 14, 2013, the State filed a notice of non-compliance with the community correction home detention division and Dunn was arrested. He was released on bond on August 21, 2013.

On August 22, 2013, Dunn appeared at the community correction home detention office and insisted that a coordinator remove his home-detention bracelet.[2] Because the coordinator responsible for affixing bracelets was out, Dunn was instructed to return the next day. He did not do so. On August 30, 2013, the State filed a petition to revoke Dunn's suspended sentence. On January 23, 2014, the trial court conducted a hearing and Dunn was again found to be in violation of the home-detention terms, this time for failure to return to the community corrections home detention office as directed.

Dunn was ordered to serve 2,598 days, the purported balance of his previously-suspended sentence. This appeal ensued.

**Discussion and Decision**

Sufficiency of the Evidence to Support Revocation

A probation revocation hearing is not equivalent to an adversarial criminal proceeding. Cox v. State, 706 N.E.2d 547, 550 (Ind. 1999). However, the Due Process Clause applies to probation revocation proceedings, and the due process rights of a probationer include: "written notice of the claimed violations, disclosure of the evidence against him, an opportunity to be heard and present evidence, the right to confront and cross-

---

[2] Apparently, the bracelet was to be immediately replaced with a new one. Community corrections employee Leah Camp testified: "I was told he still had his bracelet on but we start all their paperwork over to refigure their out date." (Tr. 10.)

examine witnesses, and a neutral and detached hearing body[.]" Id. at 549. Because probation revocation procedures "are to be flexible, strict rules of evidence do not apply." Id.

A reviewing court treats a petition to revoke a placement in a community corrections program the same as a petition to revoke probation. Id. Community corrections is "a program consisting of residential and work release, electronic monitoring, day treatment, or day reporting[.]" Ind. Code § 35-38-2.6-2. A defendant is not entitled to serve a sentence in either probation or a community corrections program. Monroe v. State, 899 N.E.2d 688, 691 (Ind. Ct. App. 2009). Rather, such placement is a "matter of grace" and a "conditional liberty that is a favor, not a right." Million v. State, 646 N.E.2d 998, 1002 (Ind. Ct. App. 1995).

Probation may be revoked for violation of a probation condition. Runyon v. State, 939 N.E.2d 613, 616 (Ind. 2010). The State must prove the violation by a preponderance of the evidence. Id. If a defendant violates the terms of his placement in community corrections, the court may, after a hearing:

(1) Change the terms of the placement.
(2) Continue the placement.
(3) Revoke the placement and commit the person to the department of correction for the remainder of the person's sentence.

Ind. Code § 35-38-2.6-5.

Dunn contends that the State failed to prove he had violated "any actual written rule that he had read or signed." Appellant's Brief at 5. The State responds that Dunn was made aware of his obligation to comply with directives of the community corrections division personnel when the trial court issued its order of March 14, 2013, providing in pertinent part:

4

> The balance of the defendant's imposed sentence shall be served on In-Home Detention through Community Corrections. . . . As a specific condition of Probation, the Defendant is ordered to follow any and all recommendations made by the Probation Department or Community Corrections including, but not limited to, treatment and education.

(App. 11.)

Dunn participated in placement in community corrections, a condition of which was that he submit to program directives. To support the allegation of a violation, the State presented testimony from Howard County Community Corrections home detention coordinator Leah Camp ("Camp"). Camp testified that she was "responsible for putting the bracelets on" when Dunn was "on in-home detention." (Tr. 6.) According to Camp, Dunn was released from jail on August 21, 2013 and was "to be put back on in-home detention." (Tr. 7.) Dunn appeared at the community corrections office on August 22, 2013 and "demanded his bracelet be taken off." (Tr. 9-10) Because Camp was out of the office, Dunn was directed to return on the following day for electronic monitoring services. He failed to do so. As such, the State established that Dunn violated a term of his probation and placement – he did not submit to the supervision of community corrections. Pursuant to Indiana Code Section 35-38-2.6-5(3), the trial court had the option of revoking Dunn's placement and committing him to the DOC to serve a portion of his sentence. The probation revocation decision is supported by sufficient evidence.

### Sanction

Dunn alternately contends that his "sentence is inappropriate" or that the "sentence imposed on January 23, 2014 is illegal." Appellant's Brief at 1, 5. More particularly, he

5

argues that the order that he serve 2,598 days of his previously-suspended sentence incorporates an erroneous mathematical calculation and, further, the trial court erred in specifying that the term was to be served consecutive to another term of imprisonment.

In the context of probation revocation, our supreme court has determined that the Indiana Appellate Rule 7(B) standard for revision of inappropriate sentences "is not the correct standard to apply when reviewing a trial court's actions" because the action "is not a criminal sentence as contemplated by the rule." Jones v. State, 885 N.E.2d 1286, 1290 (Ind. 2008). Like probation, a community corrections program serves as an alternative to commitment to the DOC, at the sole discretion of the trial court. Monroe v. State, 899 N.E.2d 688, 691 (Ind. Ct. App. 2009). As in the probation context, a community corrections revocation hearing is civil in nature. Decker v. State, 704 N.E.2d 1101, 1104 (Ind. Ct. App. 1999). Community corrections revocation proceedings are "based upon violations of community corrections rules rather than upon the commission of a crime[.]" McQueen v. State, 862 N.E.2d 1237, 1244 (Ind. Ct. App. 2007). Accordingly, the revocation of a community corrections placement is not equivalent to the imposition of a criminal sentence. Appellate Rule 7(B), governing the review of criminal sentences, is not applicable to community corrections revocation decisions.

Because the trial court was not imposing a criminal sentence, the trial court was not required to consider Indiana Code Section 35-50-1-2(d), providing for the imposition of consecutive sentences in some circumstances. The reference to serving the reinstated term "consecutively to any pending cases or any sentence he may be serving," App. 29, is an

6

apparent response to defense counsel's advisement in open court that Dunn was then facing a murder charge, and is mere surplusage.

However, we agree with Dunn that the reinstated term is something other than 2,598 days. Dunn had a suspended sentence of eight years (365 days X 8 = 2,920). He was given credit, pursuant to the trial court's order of September 20, 2012, for 220 days. He was given credit, pursuant to the trial court's order of March 14, 2013, for 144 days. 2,920 less 364 equals 2,556 days. However, it also appears from comments of the trial court that Dunn was entitled to credit "from May 14th, 2013 through August 21st, 2013, which the court finds to be 99 actual days or 100 days calculated by the Department of Correction or 200 days, day-for-day credit, and again from October 6th, 2013, through yesterday, January 22nd, 2014, which the court finds to be 108 actual days or 109 days, day-for-day credit, 218 days[.]" (Tr. 18.)

Accordingly, we remand for recalculation of credit time and revision of the order on petition to revoke.

### Conclusion

The decision to revoke Dunn's placement in community corrections and order reinstatement of his previously-suspended sentence is supported by sufficient evidence. We remand for correction of a mathematical error.

Affirmed and remanded.

NAJAM, J., and PYLE, J., concur.

7