**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 21 2014, 9:24 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JARED MICHEL THOMAS**
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LEONARD ABSHIER, III, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A05-1401-CR-19 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH CIRCUIT COURT
The Honorable Kelli E. Fink, Judge
Cause No. 82C01-0906-FC-709

**August 21, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Leonard Abshier, III, appeals the revocation of his probation. Abshier raises one issue which we revise and restate as whether the evidence is sufficient to support the revocation of his probation. We affirm.

FACTS AND PROCEDURAL HISTORY

On June 25, 2009, the State charged Abshier with Count I, nonsupport of a dependent child as a class C felony; and Count II, nonsupport of a dependent child as a class D felony. On October 26, 2009, Abshier and the State entered into a plea agreement (the "Plea Agreement") whereby Abshier agreed to plead guilty to two counts of nonsupport of a child as class D felonies. The Plea Agreement also specified that Abshier agreed to be sentenced to two years in the Department of Correction ("DOC") on Count I in which the first six months would be served on work release and the balance suspended to probation, as well as two years suspended to probation on Count II, and that the sentences would be served consecutively. The Plea Agreement also indicated that the class D felonies would be converted to class A misdemeanors if Abshier successfully completed the sentence including certain specified conditions, including the following:

a) The State of Indiana and [Abshier] agree that as of May 8, 2009, [he] has a child support arrearage in the sum of $51649.31 in Cause 82D04-9311-DR-1553 [("Cause No. 1553")] and $8087.30 in Cause 82D04-9903-DR-321 [("Cause No. 321")].

b) [Abshier] agrees that the sum of $75 per week shall be paid by [him] to the Clerk of Vanderburgh County in the child support account created in connection with [Cause No. 1553], and $25 per week in [Cause No. 321] as this sum has been determined to be an appropriate child support payment.

* * * * *

2

d) [Abshier] shall pay all sums agreed to in this agreement and as ordered as child support in [Cause No. 1553 and Cause No. 321] and shall not accumulate any additional arrearage in excess of the cumulative sum of one month's child support.

Appellant's Appendix at 29-30. That same day, the court accepted the Plea Agreement, entered judgment, and sentenced Abshier in accordance with the agreement. The court's order of probation contained, as Condition 18, that Abshier pay $75 per week to the child support account in Cause No. 1553 and $25 per week to the child support account in Cause No. 321. It also stated, as Condition 8, that Abshier shall "[s]upport dependents and meet other family responsibilities." Id. at 24.

On April 14, 2010, the Vanderburgh Probation Department filed a petition to revoke Abshier's probation alleging that he violated Condition 18 of the court's order. That same day, the court held a hearing on the petition to revoke in which Abshier appeared and admitted the allegation. The court took the petition under advisement at the request of Abshier's probation officer, Cherie Wood, and the court advised Abshier to "get a job and make payments on his child support." Id. at 11.

The court held hearings on the matter on December 8, 2011, February 2, 2012, February 16, 2012, August 23, 2012, December 27, 2012, February 7, 2013, and April 11, 2013. At the hearings, the court was apprised of Abshier's efforts at obtaining employment and the status of payments made and the current arrearage, and at each juncture the matter was continued in order to allow Abshier to continue seeking steady employment and to begin making regular payments in accordance with the order of

probation. The court held another hearing on June 6, 2013, at which Probation Officer Janice Wade stated that Wood reported "the last payments were made 20 [sic], April 11, and February 4th for $150.00 each on the one case, and those same dates for $50.00 each on another case. The total arrearage is still $68,140.49. Today is technically his out date from probation. He owes $1,444.00 in fees." Transcript at 83. Wade noted that the revocation petition had "been pending for close to three years," and the court then stated to Abshier that he is "going to have to make some significant progress. We're not going to take you off probation until you've made some real progress." Id. Wade also stated that, when the revocation petition was filed in April of 2010, Abshier's arrearage was $63,112.38, that the arrearage was not going down which she found to be "significant," and that "there should be some type of sentence imposed." Id. at 86. The court decided to "set it off for progress," which it similarly decided to do at a hearing on July 18, 2013. Id. at 90.

The court held another hearing on Abshier's probation revocation on September 26, 2013, at which the prosecutor stated, regarding petitions to revoke for nonsupport of a dependent, that "[t]he approach we're taking now is if we file these and they don't pay, we expect them to go to jail." Id. at 101. The court found Abshier indigent, appointed a public defender, and set the next hearing date for October 10, 2013. On October 10, 2013, the State requested an evidentiary hearing be set on the petition to revoke regarding Abshier's ability to make payments.

4

On December 5, 2013, the court held a hearing at which Wood testified that Abshier received and read the rules governing his probation. Wood testified that Abshier failed to comply with Conditions 8 and 18 regarding the court's order of probation, noting that he had made some payments but had not been making full payments. Wood indicated that she assisted Abshier in attempting to find work and that he followed her suggestions regarding seeking employment. Abshier testified that the nonsupport convictions stem from a divorce in 1993, that four children are involved, and that the children's ages at the time of the hearing range from twenty-one to twenty-four years old. Abshier testified that his driver's license and commercial driver's license were suspended for delinquent child support. He also testified that he has had trouble finding employment during the probationary period due to his felony convictions and suspended driver's license, and that he worked for his mother for a period of time doing stump grinding and tree trimming and removal. On cross-examination he testified that he had never spoken with a prosecutor regarding the removal of his driver's license suspension, and admitted that he had not made the required payments. The court took the matter under advisement.

On December 12, 2013, the court held a hearing in which it stated as follows:

The testimony was . . . that there were times that you were not going to be able to be employed; however, specifically I remember your testimony, and that was that you testified that at some point you were working with your Mom in the stump gardening business and tree removal, that the work had tapered off for a period of time, but that you had had 6 to 10 jobs a week on average, and then it had recently tapered off, and I see that you hadn't made hardly any payments since June of this past year. In June you made a

5

> $400.00 payment, but then we hadn't seen any other payments except 1 in September and 1 in October, and the 1 in September for 1 account was $13.00, $35.00 for the other. In October you made a payment of $10.00 for 1 account and $20.00, I believe, for the other account so that comes up to approximately a total of $78.00 since that June time period and, according to your testimony, you were at least working so while I don't think that you had the money the entire term of your probation in order to pay child support, I do think there was a period of time when you did have money in which you did not pay child support . . . .

Id. at 146-147. The court revoked Abshier's probation and ordered him to serve ninety days of his previously-suspended sentence.

## DISCUSSION

The issue is whether the evidence is sufficient to support the revocation of Abshier's probation. Probation is an alternative to commitment in the Department of Correction, and it is at the sole discretion of the trial court. Cox v. State, 706 N.E.2d 547, 549 (Ind. 1999), reh'g denied. A defendant is not entitled to serve a sentence in probation. Id. Rather, probation is a "matter of grace" and a "conditional liberty that is a favor, not a right." Id. Probation revocation is governed by Ind. Code § 35-38-2-3. A probation revocation hearing is civil in nature, and the State need only prove the alleged violations by a preponderance of the evidence. Cox, 706 N.E.2d at 551. We will consider all the evidence most favorable to supporting the judgment of the trial court without reweighing that evidence or judging the credibility of witnesses. Id. If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of probation, we will affirm its decision to revoke

probation. Id. The violation of a single condition of probation is sufficient to revoke probation. Wilson v. State, 708 N.E.2d 32, 34 (Ind. Ct. App. 1999).

At the time Abshier was placed on probation, Ind. Code § 35-38-2-3(a) provided: "The court may revoke a person's probation if: (1) the person has violated a condition of probation during the probationary period . . . ." Ind. Code § 35-38-2-3(a) (Supp. 2008) (subsequently amended by Pub. L. No. 106-2010, § 11 (eff. July 1, 2010); Pub. L. No. 147-2012, § 10 (eff. July 1, 2012)).[1] Also, Ind. Code § 35-38-2-3(f) provided: "Probation may not be revoked for failure to comply with conditions of a sentence that imposes financial obligations on the person unless the person recklessly, knowingly, or intentionally fails to pay."[2]

Abshier argues that Wood testified he "was making an effort to comply with the rules of probation, obeyed all orders given by [her], and that [she] had exhausted all of her options to get [Abshier] employment." Appellant's Appendix at 24. He argues that his case is analogous to the case of Smith v. State, 963 N.E.2d 1110 (Ind. 2012), in which the Indiana Supreme Court held that the defendant did not meet his burden of proving inability to pay, and he argues that unlike in Smith "all of the evidence presented . . . was that [he] had made payments throughout the case sporadically, and had complied with all efforts of the probation department and sought out all available resources to find

---

[1] The current version of Ind. Code § 35-38-2-3(a) is identical to the 2008 version.

[2] We note that the current version of Ind. Code § 35-38-2-3 contains an identical provision codified as subsection (g).

employment to be able to make the payments." Id. at 32. The State argues that Abshier's "express admission of his probation violation and failure to pay child support is sufficient to establish that he violated probation by knowingly failing to make the required payments." Appellee's Brief at 7. The State maintains that the trial court correctly revoked Abshier's probation where it "acknowledged that [Abshier] had made efforts toward finding employment and that he had made some payments although not always complete payments" and that "even when [Abshier] was employed, he did not always make payments." Id. at 8.[3]

The Indiana Supreme Court, in Runyon v. State, 939 N.E.2d 613 (Ind. 2010), assigned the burden of proving that a condition of a defendant's probation had been violated, and the state of mind requirement for violations of financial conditions that such failure to pay was reckless, knowing, or intentional, to the State. 939 N.E.2d at 616. The Court in that case held that where "[t]he defendant expressly admitted to the trial court that he had violated his probation conditions and that he failed to make the required payments," such admission "was sufficient to establish by a preponderance of the

_____

[3] Abshier also argues that "the use of imprisonment to compel the payments under a sentence by the trial court is strictly prohibited by the Indiana Constitution, citing to Paternity of L.A. ex rel. Eppinger v. Adams, 803 N.E.2d 1196, 1201 (Ind. Ct. App. 2004), trans. denied, and Pettit v. Pettit, 626 N.E.2d 444, 446-447 (Ind. 1993). The State notes that the Paternity of L.A. case is inapplicable because it involved a defendant held in contempt for failing to pay a child support arrearage, while here the State seeks the revocation of Abshier's probation due to the failure to meet certain conditions of said probation. Similarly, Pettit was a divorce case in which the Indiana Supreme Court discussed the trial court's use of contempt to enforce a child support order and held that "contempt is always available to assist in the enforcement of child support, at least in respect of unemancipated children, including orders to pay accrued arrearages and money judgments against delinquent parents for past due amounts." 626 N.E.2d at 447. The Court expressly limited its holding "to the use of contempt to assist in the enforcement of money judgments for child support." Id. We do not find the cases cited by Abshier instructive.

evidence that the defendant violated conditions of his probation and that his failure to pay was knowing, if not also intentional." Id. at 617. The Court also observed that where a probation violation is based on failure to pay a fine or restitution, "more may be required beyond satisfaction of the statutory components of (a) a probation condition violation and (b) reckless, knowing, or intentional state of mind," and noted the following:

> [I]n revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternative measures of punishment other than imprisonment. Only if alternative measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay.

Id. at 616 (quoting Bearden v. Georgia, 461 U.S. 660, 672 103 S. Ct. 2064, 2073 (1983)). The Court assigned the burden of showing "facts related to an inability to pay and indicating sufficient bona fide efforts to pay so as to persuade the trial court that further imprisonment should not be ordered" to the defendant probationer. Id. at 617.

In Runyon, the defendant probationer had been convicted of nonsupport of a dependent as a class C felony for owing more than $15,000 in child support arrearages and was sentenced to eight years suspended to probation. Id. at 615. Among the conditions of the defendant's probation were that he "was required to pay a monthly probation user fee, $160 in court costs, $100 for his public defender, weekly payments as determined by his probation officer on his $19,063.50 child support arrearage, and the

9

ongoing court ordered child support." Id. One year later, the defendant's probation officer filed a report alleging a probation violation for failure to pay various costs including child support in accordance with the terms of probation, and at the outset of the hearing the defendant admitted to the probation violation. Id. The court then continued the disposition hearing for two weeks "to enable the defendant to provide proof of employment . . . ." Id. The Court observed the following from the second hearing:

> [T]he defendant asserted that he had a job offer but was unable to provide written verification of the offer. The trial court then inquired about the nature of the work and anticipated earnings and questioned the defendant as to his other resources and payments made as previously ordered by the court. The defendant's attorney argued to the court that the defendant had paid approximately half of his obligation the prior year, had been unemployed "essentially in the past six months or so," and that the defendant was not refusing to pay but was simply unable to find a job in the difficult market. Tr. at 49. The defendant's counsel asked the court to "not completely revok[e] the entire probation," to impose only a relatively short period of incarceration, and to give him an opportunity to seek work and "get child support paid." Id. at 50. The trial court questioned the defendant about his failure to make the required payments during the four to five months he was employed before being laid off and asked the defendant about various other resource possibilities. At the conclusion of the hearing, the court stated:
>
> > I am going to revoke your probation at this point. And I am going to . . . give you some credit for having come in and admitted. And I'm going to order you to serve six years of that sentence. . . . [S]how the arrearage at $25,283.41. [I]f some substantial payment is, is made, some job is obtained, [defense counsel] will let us know, and I guess we can look at this again under some motion to modify. But for today I don't have any of those things, so you go to the Department of Corrections. Good luck.

Id. at 58-59.

10

Id. at 617-618.  The Court held that "[t]he trial court afforded the defendant an opportunity to present facts and explanation regarding his alleged resources, employment circumstances, inability to pay, and efforts to make the required payments," that he "was not deprived of an opportunity to explain or present mitigating evidence," and that "[h]e was not prevented from presenting argument seeking a lenient judicial response to the admitted violations of his conditions of probation."  Id. at 618.

Abshier suggests that the Indiana Supreme Court's recent case of Smith v. State requires this court to reverse his probation revocation.  In Smith, defendant probationer Smith was placed on probation with the following conditions, among others: "that Smith 'shall pay current support every week in the amount of $78.79 as modified from time to time'; and [] that Smith 'shall pay an additional $16.00 weekly on the arrearage.'"  963 N.E.2d at 1111 (footnote omitted).  Smith remained current on his weekly payments for about seventeen months, but at one point he began making "only partial payments on his support and arrearage," and at various times he made no payments.  Id.  Smith's probation officer filed a petition to revoke, and the court ultimately revoked his probation and ordered him to serve the remainder of a three-year sentence.  Id. at 1112.  On transfer, the Court affirmed the trial court's revocation, holding based upon Runyon that it is the probationer's burden to prove inability to pay and indicate sufficient bona fide efforts to pay and that Smith failed to carry his burden.  Id. at 1114.  The Court found that "Smith made no explicit argument concerning his inability to pay support."  Id.  It also noted that, based on its review of the record, "Smith was employed during part of the

11

time between November 2008 and December 2009" and that "Smith's own testimony revealed that even when he was employed full time he did not make his regular support payments." Id.

We do not find that the Court's pronouncements in Smith compel reversal. Here, following Abshier's admission of his violation in April 2010, the trial court held a number of hearings between December 8, 2011, and December 5, 2013, in which Abshier updated the court of his efforts to obtain employment and his payment status. At the December 5, 2013 revocation hearing, Abshier testified specifically that he had been working with his mother in a stump grinding and tree trimming and removal business in which he specifically testified that they "usually get about . . . 6 to 10 jobs a week on average when the summertime is here" and that "[i]t's tinkered off really bad here in the last month or so." Transcript at 126. The court, in ordering that Abshier serve ninety days of his previously-suspended sentence, stated:

> I remember your testimony, and that was that you testified that at some point you were working with your Mom in the stump gardening business and tree removal, that the work had tapered off for a period of time, but that you had had 6 to 10 jobs a week on average, and then it had recently tapered off, and I see that you hadn't made hardly any payments since June of this past year. In June you made a $400.00 payment, but then we hadn't seen any other payments except 1 in September and 1 in October, and the 1 in September for 1 account was $13.00, $35.00 for the other. In October you made a payment of $10.00 for 1 account and $20.00, I believe, for the other account so that comes up to approximately a total of $78.00 since that June time period and, according to your testimony, you were at least working so while I don't think that you had the money the entire term of your probation in order to pay child support, I do think there was a period of time when you did have money in which you did not pay child support . . . .

12

Id. at 146-147.  Based on the record and the court's comments we conclude that Abshier

has not met his burden regarding his inability to pay and that the evidence was sufficient

to support his probation revocation.

## CONCLUSION

For the foregoing reasons, we affirm the revocation of Abshier's probation.

Affirmed.

BARNES, J., and BRADFORD, J., concur.