**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DONALD E.C. LEICHT**
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOHN W. DOZIER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 34A05-1311-CR-539 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable William C. Menges, Special Judge
Cause No. 34D02-0401-FD-39

**April 28, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

John W. Dozier appeals the revocation of his probation and the order to serve his previously suspended sentence. He raises the following restated issues for our review:

I.   Whether the trial court abused its discretion when it found that Dozier had violated his probation; and

II.  Whether the trial court abused its discretion when it ordered Dozier to serve 575 days of his previously suspended sentence.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On January 28, 2004, the State charged Dozier with Class D felony nonsupport of a dependent, and on February 4, 2005, a jury found him guilty as charged. On April 21, 2005, the trial court sentenced Dozier to three years, all suspended to probation. As a term of probation, the trial court ordered Dozier to pay child support as ordered in Cause Number 34C01-0108-JP-151, which, at that time, was $109.00 per week.

On September 22, 2005, the State filed a petition to revoke Dozier's probation, and on July 28, 2006, he was released on his own recognizance conditioned on his strict compliance with the support order of $109.00 per week and $10.00 per week toward his arrearage. The trial court also ordered as a condition of probation that Dozier secure employment and keep the Howard County IV-D Prosecutor's office informed of his employer and any change in employment or residence. On August 10, 2009, after his conditional release was revoked, Dozier was re-arrested. On November 13, 2009, Dozier admitted the allegations in the September 22, 2005 petition were true, which he reaffirmed on March 18, 2010 after a change of judge. The trial court found that Dozier had violated the conditions of his probation and ordered him to serve 492 days of his previously

2

suspended sentence with credit for time served. He was ordered returned to probation. On July 26, 2010, Dozier's child support obligation in Cause Number 34C01-0108-JP-151 was reduced to $62.00 per week.

On February 14, 2011, the State filed a second petition to revoke Dozier's probation, and on November 3, 2011, after a hearing, the trial court found that Dozier had violated the terms of his probation. He was ordered to serve 22 days of his previously suspended sentence, all executed. Dozier's probation was also extended for one year with all terms and conditions to remain in full force and effect.

On August 23, 2012, the State filed a third petition to revoke Dozier's suspended sentence/probation. At the hearing on the petition, evidence was presented that, from November 3, 2011 to August 23, 2012, Dozier failed to make several child support payments, and on June 18, 2012, he ceased making child support payments altogether. *Tr.* at 7; *State's Exs.* 3, 4. After the petition to revoke was filed, in September 2012, Dozier began paying $49.06 per week, which was garnished from his unemployment payments. *Tr.* at 27-28, *State's Ex*. 4. Dozier testified that he knew he was to pay $62.00 per week for child support, that he had a job in November 2011, and that support payments were deducted from his paycheck. *Tr*. at 18-19. On April 2, 2012, he voluntarily quit his employment because he claimed that his employer was not doing things legally. *Id*. at 22. Dozier then went to a staffing agency and secured a temporary job as a welder, which lasted a month and a half. When the temporary job ended, Dozier continued to look for jobs and applied for unemployment. He received no job offers from June 18, 2012 to August 23, 2012. At the conclusion of the hearing, the trial court found Dozier in violation of his

3

probation and revoked his probation. The trial court imposed 575 days of Dozier's previously suspended sentence. Dozier now appeals.

## DISCUSSION AND DECISION

### I. Probation Revocation

"Probation is a matter of grace and a conditional liberty which is a favor, not a right." *Ripps v. State*, 968 N.E.2d 323, 326 (Ind. Ct. App. 2012). A trial court's probation decision is subject to review for abuse of discretion. *Smith v. State*, 963 N.E.2d 1110, 1112 (Ind. 2012). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* A probation hearing is civil in nature, and the State need only prove the alleged violations by a preponderance of the evidence. *Cox v. State,* 706 N.E.2d 547, 551 (Ind. 1999). We will consider all the evidence most favorable to the judgment of the trial court without reweighing that evidence or judging the credibility of witnesses. *Ripps*, 968 N.E.2d at 326. If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of probation, we will affirm its decision to revoke probation. *Id.*

Dozier argues that it was an abuse of discretion for the trial court to find that he violated his probation. He alleges that the State did not prove a violation because there was no evidence presented that he recklessly, knowingly, or intentionally failed to pay his child support obligation. He also asserts that his motions for directed verdict should have been granted because of this lack of evidence presented by the State.

As for Dozier's claims that the trial court should have granted his motions for directed verdict, we note that they have been waived. During the probation revocation

4

hearing, after the State rested, Dozier moved for a directed verdict once and again after the State was allowed to re-open its case. Both motions were denied, and Dozier continued to present evidence after the denials. A defendant who elects to present evidence after a denial of his or her motion for directed verdict made at the end of the State's case waives appellate review of the denial of that motion. *Croy v. State*, 953 N.E.2d 660, 662 (Ind. Ct. App. 2011) (citing *Snow v. State,* 560 N.E.2d 69, 74 (Ind. Ct. App. 1990), *trans. denied*). Here, because Dozier presented evidence after the denial of his motions for directed verdict, we conclude that he has waived any challenge to the denial of his motions. Therefore, we review this case for the sufficiency of the evidence.

A person's probation may be revoked if "the person has violated a condition of probation during the probationary period." Ind. Code § 35-38-2-3(a)(1). To obtain a revocation of probation, "[t]he state must prove the violation by a preponderance of the evidence." Ind. Code § 35-38-2-3(f). It is further provided that "[p]robation may not be revoked for failure to comply with conditions of a sentence that imposes [sic] financial obligations on the person unless the person recklessly, knowingly, or intentionally fails to pay." Ind. Code § 35-38-2-3(g).

Our Supreme Court has determined that, as to a violation of probation, "it is the State's burden to prove both the violation and the requisite state of mind in order to obtain a probation revocation." *Runyon v. State*, 939 N.E.2d 613, 616 (Ind. 2010). With respect to the ability to pay, the *Runyon* Court held that it is the probationer's burden "to show facts related to an inability to pay and indicating sufficient bona fide efforts to pay so as to persuade the trial court that further imprisonment should not be ordered." *Id.* at 617 (citing

*Woods v. State,* 892 N.E.2d 637, 641 (Ind. 2008)). Because Indiana Code section 35-38-2-3(g) is written in the disjunctive, the state of mind requirement may be proven by evidence that a defendant's failure to pay a financial obligation imposed through probation was either reckless, knowing, or intentional. *Id*. at 616. Indiana Code section 35-41-2-2(b) provides that a person engages in conduct "knowingly" if, when he or she engages in the conduct, the person is aware of a "high probability" that he or she is doing so. Because knowledge is a mental state of the actor, it may be proved by circumstantial evidence and inferred from the circumstances and facts of each case. *Smith*, 963 N.E.2d at 1113. Therefore, aside from the inability to pay, in order to sustain the probation revocation in this case, the evidence must have shown that Dozier was aware of a high probability that he was not paying current support every week in the amount ordered under Cause Number 34C01-0108-JP-151.

Here, the evidence presented at the hearing showed that Dozier was convicted of nonsupport of a dependent in 2005, and as a condition of his probation, he was ordered to pay child support under Cause Number 34C01-0108-JP-151, which was $109.00 per week at that time, but was later modified to $62.00 per week. Dozier was aware of this condition of his probation and had several previous probation violations. Dozier failed to make several child support payments in the time period from November 3, 2011 to August 23, 2012 and ceased making payments on June 18, 2012 until the instant petition to revoke probation was filed. After the petition was filed, Dozier began receiving unemployment benefits, of which $49.06 was garnished to pay child support. Dozier testified that, after he quit his job in 2012, he knew he was falling behind in his support payments. *Tr*. at 27.

6

He also testified that he was aware that his support payments after his unemployment commenced were less than the entire amount owed each week. *Id*. at 28. Based on this evidence, we conclude that the trial court could have reasonably determined that Dozier knowingly failed to pay his current child support every week as required as a condition of his probation.

With respect to the ability to pay, "it is the probationer's burden 'to show facts related to an inability to pay and indicating sufficient bona fide efforts to pay so as to persuade the trial court that further imprisonment should not be ordered.'" *Smith*, 963 N.E.2d at 1114 (quoting *Runyon*, 939 N.E.2d at 617). The evidence showed that Dozier was employed during a portion of time between November 3, 2011 and August 23, 2012, the specified time in the revocation petition. However, he voluntarily quit his employment on April 2, 2012. He was then unable to pay his support until June 2012 when he obtained temporary employment, which lasted for a month and a half and allowed him to pay money toward his support in the month of June. When that temporary employment ended, Dozier was no longer employed and not able to pay support until the time the petition was filed. In determining that Dozier violated his probation, the trial court reasoned that, because Dozier quit his employment, the consequences that followed "from that intentional[] act on his part, including the inability to pay, can be inferred to be intentional." *Tr*. at 31. We conclude that the trial court could reasonably determine by a preponderance of the evidence that Dozier knowingly failed to pay his current child support obligation which was a violation of his probation.

## II. Sentence

Dozier contends that the trial court abused its discretion when it ordered that 575 days of his previously suspended sentence be served. A trial court's sentencing decisions for violations of probation are reviewed for an abuse of discretion. *Figures v. State*, 920 N.E.2d 267, 273 (Ind. Ct. App. 2010) (citing *Prewitt v. State,* 878 N.E.2d 184, 188 (Ind. 2007)). An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances. *Id.* Under Indiana Code section 35-38-2-3(h), if a petition to revoke probation is filed within the defendant's probationary period, and the trial court finds the defendant has violated any terms of probation, the trial court may (1) continue the defendant on probation, (2) extend the defendant's probationary period by up to one year, or (3) "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing."

In the present case, this was not Dozier's first probation violation for failing to make his support payments. Since his conviction in 2005, when payment of his child support was made a condition of his probation, he had several prior revocations that resulted in him serving portions of his previously suspended sentence. Dozier did not learn from the previous violations and continued to fail to follow the condition of his probation requiring him to pay his child support payments. We do not find the trial court's sentencing decision to be against the logic and effect of the facts and circumstances of the case. The trial court did not abuse its discretion in ordering Dozier to serve 575 days of his previously suspended sentence. Affirmed.

MAY, J, and BAILEY, J., concur.