## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 16 2019, 7:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

K. Aaron Heifner
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jose Cervantes, <br> *Appellant-Respondent,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Petitioner.* | May 16, 2019 <br><br> Court of Appeals Case No. 18A-CR-569 <br><br> Appeal from the Madison Circuit Court <br><br> The Hon. Thomas Newman, Jr., Judge <br><br> Trial Court Cause No. 48C04-1606-F4-1295 |

**Bradford, Judge.**

# Case Summary

Jose Cervantes pled guilty to Level 4 felony burglary and Level 6 felony theft, and the trial court ordered him to serve three years on work release and three on home detention. Not even three weeks into Cervantes's work-release placement, a correctional officer at the housing facility discovered him sitting in a cloud of cigarette smoke with ashes at his feet. Hours later, the same officer smelled burning K2 spice coming from the bathroom and found Cervantes sitting on a toilet with ashes on his upper torso. Cervantes flushed something down the toilet when the officer approached. The State petitioned to have Cervantes's placement revoked on the basis that he had violated the terms of work-release, that he had committed the new crime of obstruction of justice, and also that he was not satisfying his financial obligations. The trial court found all of the State's allegations to be true and ordered that Cervantes serve his entire sentence in the Department of Correction ("DOC"). Cervantes contends that the State failed to produce sufficient evidence to establish that he had violated the terms of work-release and that the trial court abused its discretion in ordering that he serve his entire sentence in the DOC. Because we disagree, we affirm.

# Facts and Procedural History

On December 13, 2017, Cervantes pled guilty to Level 4 felony burglary and Level 6 felony theft. Cervantes admitted that he had committed his crimes after consuming Xanax. The trial court imposed a six-year sentence, consisting of

three years of work release to be followed by three years of home detention. Under the terms of his placement, Cervantes was required to follow the work-release rules, including zero-tolerance policies regarding alcohol consumption, illicit drug consumption, and the smuggling of tobacco or cigarettes into the housing facility.[1] Cervantes began his work-release placement on December 29, 2017.

[3] At 12:15 a.m. on January 18, 2018, Correctional Officer Charles Kirby was walking through the dormitory in which Cervantes was housed, smelled tobacco smoke in the bunk area, and witnessed Cervantes surrounded by smoke with ashes near his feet. Officer Kirby charged Cervantes with a rule violation for being in an "Area of smoke." App. Vol. II p. 127. At 2:56 a.m., Officer Kirby conducted another walkthrough and smelled the odor of burning K2 spice (a controlled substance[2]) coming from the restroom. When Officer Kirby entered the restroom, he saw Cervantes on a toilet holding a small object near his lips with ashes covering his upper torso. After Cervantes saw Officer Kirby, he immediately placed the object into the toilet and flushed it. A review of security camera footage taken shortly before Officer Kirby's second encounter with Cervantes showed Cervantes licking a "joint like object" in his hand as he

---

[1] Although there is no documentary indication in the record that smuggling tobacco into the housing facility was forbidden, both parties seem to agree that the possession or use of tobacco in the facility would have constituted a rule violation.

[2] Synthetic cannabinoids are generally referred to as "K2" or "Spice" and are synthetic drugs which are banned pursuant to Indiana Code section 35-31.5-2-321.

walked to the restroom from the dormitory area. Tr. p. 19. Officer Kirby charged Cervantes with a rule violation for obstruction of justice.

[4] Later that day, the State petitioned to revoke Cervantes's work-release placement, alleging that he (1) had committed the new crime of obstruction of justice, (2) had violated the terms of his work-release placement by "being in an Area of Smoke[,]" and (3) was not current in his payments. Appellant's App. Vol. II p. 116. On February 7, 2018, the trial court conducted an evidentiary hearing, at which, *inter alia*, Madison County Work Release Case Manager Konnor McCoy testified that Cervantes was $380.97 behind in his work-release payments. After the hearing, the trial court found that Cervantes had violated the terms of community corrections by committing a new offense, being in an area of smoke, and failing to meet his financial obligations. The trial court revoked Cervantes's work-release placement and ordered him to serve his six-year sentence in the DOC.

# Discussion and Decision

[5] We review the revocation of a placement in a community-corrections program the same as we do the revocation of probation. *Cox v. State,* 706 N.E.2d 547, 549 (Ind. 1999). Both probation and community-corrections programs serve as alternatives to incarceration and both are made at the sole discretion of the trial court. *Id.* A defendant is not entitled to serve a sentence in either probation or a community-corrections program. *Id.* Rather, placement in either is a "matter of grace" and a "conditional liberty that is a favor, not a right." *Id.* (quoting

*Million v. State*, 646 N.E.2d 998, 1002 (Ind. Ct. App. 1995) (internal quotation omitted)).

> Our standard of review of an appeal from the revocation of a community corrections placement mirrors that for revocation of probation. A probation hearing is civil in nature and the State need only prove the alleged violations by a preponderance of the evidence. We will consider all the evidence most favorable to supporting the judgment of the trial court without reweighing that evidence or judging the credibility of witnesses. If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of probation, we will affirm its decision to revoke probation.

*Cox*, 706 N.E.2d at 551 (citations omitted).

# I. Sufficiency of the Evidence

[6] Cervantes contends that the State failed to prove that he violated the terms of his work-release placement. Specifically, Cervantes argues that there is insufficient evidence to establish that he was in possession of or smoked a cigarette, that he possessed or disposed of K2 spice, or that he was unreasonably behind in his work-release payments. While it is well-settled that "probation may be revoked on evidence of violation of a single condition[,]" *Heaton v. State*, 984 N.E.2d 614, 618 (Ind. 2013), we choose to address all of Cervantes's claims.

[7] As for the allegation that Cervantes was in an area of smoke, Officer Kirby testified that he smelled tobacco smoke in the bunk area and saw Cervantes alone in an area of smoke with ashes near his feet. Officer Kirby also testified that Cervantes was in the bunk by himself and there was nobody else around

him. This testimony is sufficient to support an inference that Cervantes was smoking a cigarette in the dormitory. Cervantes's argument is an invitation to reweigh the evidence, which we will not do. *See Cox*, 706 N.E.2d at 551.

[8] There is also sufficient evidence to establish that Cervantes committed the new crime of obstruction of justice, which requires evidence that Cervantes "altered, damaged, or removed any record, document or thing, with the intent to prevent it from being produced as evidence in any official proceeding or investigation." Ind. Code § 35-44.1-2-2(a)(3). Officer Kirby, while conducting a second walkthrough, smelled burning K2 spice coming from the restroom and found Cervantes sitting on a toilet holding an object near his lips with ashes covering his upper torso. Cervantes immediately flushed the object in his hand down the toilet. Moreover, a review of security camera footage taken shortly before Kirby's second encounter with Cervantes showed Cervantes licking a "joint like object" in his hand as he walked to the restroom. Tr. p. 19. This is more than enough to prove by a preponderance of the evidence that Cervantes committed the offense of obstruction of justice by disposing of physical evidence of illicit drug use. Cervantes points to his testimony that he had nothing in his hand and was merely performing a "courtesy flush[.]" Tr. p. 30. The trial court was under no obligation to credit this testimony and did not. As with his previous argument, Cervantes is requesting that we reweigh the evidence, which we will not do. *See Cox*, 706 N.E.2d at 551.

[9] Finally, there is the trial court's finding that Cervantes failed to meet the financial obligations associated with his placement in work release. Where the

State alleges a failure to meet a financial obligation, it must prove that the defendant recklessly, knowingly, or intentionally failed to pay by a preponderance of the evidence. Ind. Code § 35-38-2-3(g); *Runyon v. State*, 939 N.E.2d 613, 616–17 (Ind. 2010). It is the defendant's burden to prove that he cannot pay even though he has made "sufficient bona fide efforts to pay so as to persuade the trial court that further imprisonment should not be ordered." *Runyon*, 939 N.E.2d at 617.

[10] Cervantes does not dispute that he was $380.97 in arrears, nor does he actually claim that he lacked the ability to pay before the State petitioned to revoke his work-release placement. Cervantes points only to his testimony that he was in possession of a check (at least at the time of the evidentiary hearing) that would have allowed him to satisfy his obligations. While one could, perhaps, infer from this that Cervantes was claiming that he had been previously unable to pay, the trial court was under no obligation to credit this testimony, and apparently did not. In the end, even if we were to assume that Cervantes's failure to satisfy his financial obligations is an insufficient basis on which to revoke his work-release placement, we reiterate that "probation may be revoked on evidence of violation of a single condition." *Heaton*, 984 N.E.2d at 618. Cervantes has failed to establish that the State produced insufficient evidence to sustain the trial court's findings that he violated the terms of his work-release placement.

# II.  DOC Commitment

[11]  Cervantes also contends that the trial court abused its discretion in ordering him to serve his entire six-year sentence in the DOC.  Once a trial court finds that a defendant has violated the terms of his placement, the court must then determine whether the violation merits revocation of that placement.  *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008).  A violation of even one term of a defendant's community corrections placement can justify a complete revocation of his placement.  *Treece v. State*, 10 N.E.3d 52, 56 (Ind. Ct. App. 2014) (citing *Gosha v. State*, 873 N.E.2d 660, 663 (Ind. Ct. App. 2007)), *trans. denied*. Community corrections programs like work release operate as alternatives to a commitment to the DOC, and placement in these programs is left to the sound discretion of the trial court.  *Million*, 646 N.E.2d at 1001.  "An abuse of discretion occurs if the trial court's decision is against the logic and effect of the facts and circumstances before the court."  *Abernathy v. State*, 852 N.E.2d 1016, 1020 (Ind. Ct. App. 2006).  On appeal, we consider only the evidence favorable to the trial court's judgment and neither reweigh the evidence nor judge the credibility of the witnesses who testified below.  *Braxton v. State*, 651 N.E.2d 268, 270 (Ind. 1995).

[12]  We conclude that Cervantes has failed to establish an abuse of discretion in this regard.  A defendant who receives the benefit of an alternative placement is bound to abide by a specific set of terms and conditions, which are intended to ensure that he serves a genuine period of rehabilitation and the community is protected from harm while he remains at large.  *Grubb v. State*, 734 N.E.2d 589,

592 (Ind. Ct. App. 2000). Following Cervantes's guilty plea to Level 4 felony burglary and Level 6 felony theft (which were apparently committed under the influence of Xanax), he was given the opportunity to avoid commitment to the DOC altogether, if, *inter alia*, he demonstrated that he could go without habit-forming substances. Yet, not even three weeks into Cervantes's three-year placement in work release, he committed two rules violations within just a few hours by smoking a cigarette and then destroying evidence of a K2 spice joint that he was smoking. Moreover, Cervantes's criminal record indicates a continuing problem with substance abuse, as he has prior convictions for two counts of marijuana possession; possession of cocaine, methamphetamine, or a schedule I or II narcotic drug; and two counts of driving while intoxicated. Given Cervantes's history and his unwillingness to abide by the terms of work release for even three weeks, we cannot say that the trial court abused its discretion in deciding that a more restrictive placement in the DOC was warranted.

[13] The judgment of the trial court is affirmed.

Crone, J., and Tavitas, J., concur.